UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SONIA CARTER                                                                                           PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:22-CV-330-DPJ-FKB

CARL WELSH IV                                                                                        DEFENDANT

ORDER

Plaintiff Sonia Carter asks the Court to remand this case to the Circuit Court of Hinds County, Mississippi.  Mot. [9].  Defendant Carl Welsh IV has responded in opposition [11], and Carter declined to file a reply.  The Court, having considered the parties' submissions, concludes that Carter's motion to remand [9] should be denied.

I.      Facts and Procedural History

On March 19, 2021, Welsh rear-ended Carter's vehicle, causing Carter to suffer "serious bodily injury."  Compl. [1-2] at 4.  Carter sued Welsh in state court advancing negligence claims and seeking an unspecified amount of compensatory damages, including:

  a. Past, present and future doctor, hospital, drug, and medical bills;
  b. Past, present and future mental and emotional distress;
  c. Past, present and future physical pain and suffering;
  d. Future wage loss; and
  e. Any other relief which the Court or jury deems just or appropriate based on the circumstances.

*Id.* at 5.[1]  Carter further claims Welsh's acts "constitute intentional, willful, unlawful, reckless conduct and wanton disregard for the rights of Plaintiff," entitling her to "punitive and exemplary damages."  *Id.* at 5–6.

---

[1] In her memorandum in support of her motion to remand, Carter suggests that her Complaint sought no more than $75,000.  *See* Pl.'s Mem. [10] at 5 (arguing that "Plaintiff is bound by her demand and can only recover an amount that is less than $75,000"); *see also id.* at 2 (describing Complaint as seeking "an amount to be assessed by the Court and/or jury (less than

Welsh removed the case to this Court, citing diversity jurisdiction. Notice [1]. It appears diversity of citizenship is uncontested; Carter is a Mississippi citizen and Welsh is a Texas citizen. Welsh further submits that the amount in controversy exceeds $75,000. In support, he attaches Carter's pre-suit settlement demand to Welsh's insurance carrier. Demand [1-3]. In that letter, Carter lists medical expenses totaling $42,568.33, estimates her future medical expenses at $297,692.34, and demands $1,021,000 to settle her claim. *Id.* at 2–5.[2]

Carter responded to the removal with a motion to remand, insisting "the facts surrounding this case clearly indicate that the amount in controversy is less than $75,000.00." Mem. [10] at 1. Welsh opposed the motion to remand, and Carter filed no reply; the time to do so has passed. The Court considers the motion fully briefed and is prepared to rule.

II.     Standard

Welsh premises jurisdiction on 28 U.S.C. § 1332, which provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." "The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000." *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). Here, the amount in controversy is the lone dispute.

Generally, the amount of damages sought in the petition controls, so long as the pleading was made in good faith. *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022)

---

$75,000.00)"). But Carter's Complaint sought an unspecified sum and did not mention a $75,000 limit. Complaint [1-2].

[2] While Carter sought lost wages in her Complaint, her settlement demand seeks no lost wages, noting that she is retired. *Id.* at 3.

(citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). "When, as here, 'the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds' the jurisdictional amount." *Lee v. Allstate Ins. Co.*, No. 3:18-CV-694-DPJ-FKB, 2019 WL 1549429, at * 2 (S.D. Miss. Apr. 9, 2019) (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).

The removing party can meet this burden in one of two ways: "(1) by establishing that it is 'facially apparent' that the claims are likely to exceed $75,000, or (2) by setting forth the facts in controversy that support a finding of the requisite amount." *Guijarro*, 39 F.4th at 314 (5th Cir. 2022) (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). "Under the second approach, the Court may consider summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Lee*, 2019 WL 1549429, at *2. If Welsh carries his burden under either theory, then jurisdiction exists unless Carter proves to a legal certainty that the amount in controversy is less than $ 75,000. *Id.*; *see King v. Allstate Prop. & Cas. Ins. Co.*, No. 3:18-CV-672-HTW-LRA, 2021 WL 1202333, at *7 (S.D. Miss. Mar. 30, 2021) (same).

III.    Analysis

Before filing suit, Carter demanded $1,021,000 to settle her claim, citing incurred medical expenses totaling $42,568.33 and future medical expenses totaling $297,692.34. As Welsh observes, courts routinely rely on attorney demand letters as evidence that the amount in controversy exceeds the jurisdictional minimum. *See Love v. Chester's Diesel, LLC*, No. 4:16-CV-179-DMB-JMV, 2017 WL 1274174, at *3 (N.D. Miss. Apr. 5, 2017) (denying remand where plaintiff made a pre-suit demand of $125,000 and a pre-suit counteroffer of $111,000); *Molina v. Wal-Mart Stores Tex., L.P.*, 535 F. Supp. 2d 805, 808 (W.D. Tex. 2008) ("Pre-suit

demand letters may be submitted as evidence to demonstrate that the amount in controversy exceeds $75,000."); *Maddox v. Walgreen, Co.*, No. 3:05-CV-430-BN, 2005 WL 8171695, at *3 (denying remand where plaintiff made a pre-suit demand of $195,000, "well over the $75,000 amount in controversy requirement"). Welsh has met his burden based on the settlement demand, the stated economic injuries, and the prayer for punitive damages.[3]

Jurisdiction therefore exists "unless [Carter] proves to a legal certainty that the amount in controversy is less than $75,000." *Lee*, 2019 WL 1549429, at *2. In conjunction with her motion to remand, Carter submitted an affidavit, stating:

> 3. This affidavit confirms that I am not seeking damages that exceed $74,500.00 for any and all claims that I may have in the above matter.
>
> SONIA CARTER

Carter Aff. [9-1] at 1. While Carter's affidavit states that she is currently not seeking an amount that would satisfy diversity jurisdiction, she never says she won't or that she would not accept an excess verdict.

In *Anazia v. Allstate Prop. & Cas. Insurance Co.*, United States District Judge David Bramlette explained why Carter's affidavit is insufficient:

> Despite the Plaintiff's apparent intention to establish "with legal certainty" that the jurisdictional minimum is not met, she has not done so in this case. The affidavit attached to the Plaintiff's Motion to Remand is deficient inasmuch as it simply states that the claim is for less than $75,000.00 but does not avow that the Plaintiff will not seek *or accept* more than that amount. *See, e.g., Blaylock v. Mutual of New York Life Ins. Co.*, 228 F. Supp. 2d 778, 782, 785-86 (holding plaintiff defeated removal by attaching affidavit that plaintiff did not intend to seek damages in excess of the jurisdictional minimum and would not accept a judgment or settlement in excess of that amount); *Morgan v. Am. General Int'l Group*, Civ. No. 2:03-cv-16, 2005 WL 1595672, *2 (S.D. Miss. July 6, 2005)

---

[3] Carter declined to address her $1,021,000 settlement demand in her motion to remand or memorandum.

>   (holding plaintiffs defeated removal by entering into "unequivocal binding stipulation that no Plaintiff will ever in the future seek or accept more than the jurisdictional amount").

No. 5:19-CV-144-DCB-MTP, 2020 WL 1955263, at *2 (S.D. Miss. Apr. 23, 2020) (emphasis added).

Other judges in this district have reached the same conclusion. *See Martin v. Leslie's Poolmart, Inc.*, No. 3:05-CV-303-HTW-JCS, 2006 WL 8454296, at *3 (S.D. Miss. May 18, 2006) (Wingate, J.) (denying remand where plaintiff stated in affidavits that she "had not and never would" seek damages in excess of $75,000 but never promised not to accept such a verdict) (citing *Craft v. First Fam. Fin. Servs.*, No. 3:02-CV-1395-TSL-AGN, 2003 WL 1801038, at *2 (S.D. Miss. Mar. 20, 2003) (Lee, J.) (denying remand and holding that plaintiff "has not stipulated that she will not accept more than [the jurisdictional] amount, nor does she stipulate that she will not amend the ad damnum clause of her complaint to conform to any eventual jury verdict in excess of $75,000").

Carter's affidavit is likewise insufficient to show, "to a legal certainty," that the amount-in-controversy requirement is lacking. *Guijarro*, 39 F.4th at 314.  This shortcoming, combined with her pre-suit demand of $1,021,000, her stated economic damages, and her claim for punitive damages, indicates that more than $75,000 is in controversy.

IV.    Conclusion

The Court has considered all arguments raised by the parties; those not addressed would not have changed the result.  Accordingly, the Court finds Carter's motion to remand [9] should be denied.

The parties are directed to contact the chambers of Magistrate Judge F. Keith Ball to request a telephonic-case-management conference.

**SO ORDERED AND ADJUDGED** this the 22nd day of August, 2022.

s/ <u>*Daniel P. Jordan III*</u>
CHIEF UNITED STATES DISTRICT JUDGE